UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| MITCHAEL BOSLEY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 21-cv-4616 |
| | : | |
| RAWDEN JOINT VENTURES CORPORATION, | : | |
| *d/b/a* MCDONALD'S, MCDONALD'S | : | |
| CORPORATION, *and* MCONDALD'S USA, | : | |
| LLC, | : | |
| Defendants. | : | |

_____

**O P I N I O N**
Plaintiff's Motion to Amend Complaint, ECF No. 35 – Denied

**Joseph F. Leeson, Jr.**                                                                                       **July 14, 2022**
**United States District Judge**

## I.    INTRODUCTION

Mitchael Bosley brought this employment discrimination suit against the Defendants. *See* Compl., ECF No. 1. In the Complaint, Bosley brings claims of discrimination, harassment, and retaliation under the Pennsylvania Human Relations Act (the PHRA). He now seeks to amend the Complaint with two new claims: negligence and negligent supervision. *See* Mot., ECF No. 35. Defendant Rawden Joint Ventures Corporation, *dba* McDonald's, filed a response in opposition to the Motion. *See* Resp., ECF No. 36. The Court denies the motion to amend because Bosley's proposed negligence claims are preempted by the PHRA.

## II.    BACKGROUND

Bosley is diagnosed with intellectual development disability[1] and works at McDonald's. Throughout Bosley's employment, his "managers and co-workers harassed [him] because of his

---

[1]    Bosley has also been diagnosed with pervasive developmental disorder NOS and attention deficit hyperactivity disorder.

disability." Comp. ¶ 23. For example, Bosley's manager directed him "to kiss or hug other individuals" on a weekly basis. *Id.* ¶ 24. This harassment culminated on one occasion when Bosley was taking a break in the staffroom.

Bosley's manager, other employees, and one former employee entered the staffroom. They "began harassing [Bosley] by touching his food and then taking his food and placing it on the floor." *Id.* ¶ 30. They urged Bosley to "hug or kiss" one of his co-workers even though he did not want to. Then they urged him to hug the former employee. When Bosley tried to hug the former employee, the former employee "struck [Bosley] in the face." *Id.* ¶ 36. Bosley's manager recorded the incident and later "posted the video to one or more social media platforms." *Id.* ¶ 38. Bosley sued the Defendants alleging discrimination, harassment, and retaliation, all in violation of the PHRA.

Bosley now seeks to amend the Complaint to add claims of negligence against the Defendants, including negligent failure to train and supervise their employees. *See* Am. Compl., ECF No. 35 Ex. 1. He does not make any additional factual allegations in the proposed Amended Complaint. McDonald's opposes the amendment. *See* Resp.

### III.    LEGAL STANDARD — Motion to Amend a Complaint

Courts should grant a motion to amend a complaint freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nonetheless, the policy favoring liberal amendments is not 'unbounded.'" *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012) (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990)).

For example, a court need not grant a motion to amend when the proposed amendment would be futile. *See id*. An amendment is futile if the "amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Courts therefore

assess whether the proposed amendment would be futile under the same legal standard used when adjudicating a motion to dismiss under Rule 12(b)(6).

Under Rule 12(b)(6), a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (cleaned up). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

When adjudicating a motion to amend a complaint, courts also consider whether the moving party has shown undue delay, bad faith, or dilatory motives and whether the amendment would prejudice the other party. *See Synthes*, 281 F.R.D. 217, 224 (E.D. Pa. 2012).

IV.   ANALYSIS

McDonald's contends that the motion to amend the complaint should be denied for two reasons. First, it argues that the proposed amendments are futile because the added negligence claims are preempted by the PHRA. Second, it argues that allowing the amendment would cause it prejudice. The Court determines that the additional negligence claims are preempted by the PHRA.

For that reason, the Court need not address whether amendment would cause McDonald's prejudice.

### a. *The proposed negligent claims are preempted by the PHRA.*

The purpose of the PHRA is to remedy various types of discrimination in the workplace. *See* 43 P.S. § 952. Importantly, the PHRA states that it provides the "exclusive" procedure for complaining of acts it declares as unlawful and that "the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned." *See id.* at § 962(b). Courts interpret this to mean that "[t]he PHRA preempts any common law actions . . . which allege facts associated with a prohibited form of discrimination." *Hainan v. S & T Bank*, No. CIV.A. 10-1600, 2011 WL 1628042, at *2 (W.D. Pa. Apr. 27, 2011). This interpretation is supported by the fact that "Pennsylvania courts have held that where a cause of action involves a violation of public policy for which a remedy already exists by statute, a common law cause of action will not be recognized." *McGovern v. Jack D's, Inc.*, No. CIV.A. 03-5547, 2004 WL 228667, at *5 (E.D. Pa. Feb. 3, 2004). As a result, "it is firmly established that negligent supervision claims arising out of discrimination cases situated in the Commonwealth of Pennsylvania must be brought under the [PHRA]." *Randler v. Kountry Kraft Kitchens*, No. 1:11-CV-0474, 2012 WL 6561510, at *14 (M.D. Pa. Dec. 17, 2012).

In this case, Bosley proposes to amend the Complaint by adding two claims of negligence, including a claim for negligent supervision. McDonald's argues that the proposed amendments would be futile because the negligence claims are preempted by the PHRA and cites to a number of cases that support its argument. In his reply, Bosley argues that his negligence claims are not preempted by the PHRA because this matter can be distinguished "from the various cases cited in the Defendants' brief." Reply 2.

Bosley highlights that the cases cited in the Response address claims of negligent supervision of employees. He points out that his negligent claims relate to employees and a former employee. But he does not persuade the Court as to why this is an important distinction. Bosley argues that the negligent claims are necessary because he "anticipates that the Defendants will argue that . . . they are not responsible for [the] conduct [of the former employee]." Reply 3. Assuming that the Defendants do raise this theory as a defense, the Court sees no reason why Bosley cannot litigate the issue within the framework of the PHRA; he does not need the negligence claims to combat the anticipated defense theory.

To support his argument, Bosley cites to a single case: *Lezotte v. Allegheny Health Education & Research Foundation*, No. CIV. A. 97-4959, 1998 WL 218086 (E.D. Pa. May 1, 1998). In *Lezotte*, the plaintiff sued her former employer, alleging, among other things, discrimination and negligent supervision. *Id*. *2. Bosley is correct that in *Lezotte* the plaintiff's negligent supervision claim survived a motion to dismiss even though she also alleged discrimination. However, the *Lezotte* court did not specifically address whether the plaintiff's negligent supervision claim was preempted by the PHRA. Instead, it determined that the negligent supervision claim was not preempted by the Pennsylvania Worker's Compensation Act. *Id*. ** 7–8.

With that being said, the Court acknowledges that some case law does exist that seems to suggest that common tort law claims, including claims for negligent supervision, are not necessarily preempted by the PHRA as a matter of law. *See id.* at *4 ("Lezotte's allegations, if true, would independently support the instant state law claims. Thus, the PHRA does not preempt the assault and battery claims."); *see also Keck v. Com. Union Ins. Co.*, 758 F. Supp. 1034, 1039 (M.D. Pa. 1991) ("if all or part of the facts that would give rise to a discrimination claim would also independently support a common law claim, the common law claim is not preempted by the PHRA and need not be adjudicated within its framework").

However, the majority of case law supports preemption of common tort law claims if they arise from the same facts as claims brought under the PHRA. *See McGovern*, No. CIV.A. 03-5547, 2004 WL 228667, at *7 (E.D. Pa. Feb. 3, 2004) ("Thus unless a plaintiff can offer some other independent set of facts to support a claim not otherwise covered by the PHRA, such a claim is subject to preemption. Here, since Plaintiff has alleged the same set of facts to support her negligence claim as for her sexual harassment claim, we find that her negligence claim is preempted."); *see also Watkins v. Rite Aid Corp.*, No. 4:06CV00299, 2006 WL 2085992, at *4 (M.D. Pa. July 25, 2006) (collecting cases).

Here, Bosley does not seek to amend the Complaint with any additional alleged facts. Indeed, Bosley concedes that the negligence claims "are based on the same facts and circumstances as the other counts in the complaint." Mot. 4. Since the proposed negligence claims are not supported by any independent facts, they are preempted under the PHRA. Allowing the proposed amendments to redress the same injuries that are covered by the PHRA claims would be superfluous. *See Watkins*, No. 4:06CV00299, 2006 WL 2085992, at *4 (M.D. Pa. July 25, 2006).

The proposed negligence claims are preempted by the PHRA as a matter of law. Amendment would therefore be futile, and the Court denies Bosley's motion to amend for that reason.

V. **CONCLUSION**

The Court denies Bosley's motion to amend the Complaint because the proposed amendments would be futile. The amendments would be futile because the proposed negligent claims, which arise from the same alleged facts as Bosley's claims brought under the PHRA, are preempted by the PHRA as a matter of law.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
