UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MITCHAEL BOSLEY,<br>            Plaintiff,<br><br>    v.<br><br>RAWDEN JOINT VENTURES CORPORATION,<br>*d/b/a* MCDONALD'S, MCDONALD'S<br>CORPORATION, *and* MCDONALD'S USA,<br>LLC,<br>            Defendants. | :<br>:<br>:<br>:   No. 21-cv-4616<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

_____

**O P I N I O N**
**Defendants' McDonald's Corporation and McDonald's USA, LLC, Motion for Summary Judgment, ECF No. 43 – Granted**

**Joseph F. Leeson, Jr.**                                                                 **August 26, 2022**
**United States District Judge**

### I. INTRODUCTION

This is an employment discrimination case.

Rawden Joint Ventures Corporation ("Rawden") owns a franchise McDonald's restaurant in Manheim, Pennsylvania (the "Restaurant"). Mitchael Bosley works at the Restaurant as an employee of Rawden. He alleges that Rawden subjected him to a hostile work environment and discriminated against him based on his disabilities and gender. For those reasons, he brought suit against Rawden, alleging that it violated the ADA and Title VII. *See* ECF No. 1, Compl.

According to Mitchael, the corporate entity of McDonald's and its franchisor entity, McDonald's, McDonald's Corporation and McDonald's USA, LLC (collectively "McDonald's"), are jointly liable with Rawden because McDonald's is a joint employer with Rawden. McDonald's filed a motion for summary judgment. *See* ECF No. 43, Mot. In the Motion, McDonald's argues that there is no genuine dispute of material fact as to whether it is a joint employer of Mitchael. The Court agrees.

There is no issue for trial on whether McDonald's is a joint employer of Mitchael because there are no facts to suggest that McDonald's exercised significant control over him. Thus, the Court grants McDonald's Motion for Summary Judgment.

## II.     UNDISPUTED FACTS

Rawden owns and operates several McDonald's-brand restaurant businesses in Southeastern and Central Pennsylvania including the restaurant business located at 2000 Strickler Road, Manheim, Pennsylvania (the "Restaurant"). ECF No. 43-1, McDonald's Stat. Und. Facts ¶ 2 ("MSUF"); ECF No. 65, Pltff's. Resp. Und. Facts ¶ 2 ("PRUF").

McDonald's entered into a franchise agreement with Rawden regarding the Restaurant. ECF No. 65, Pltff's Add. Mat. Facts ¶ 21 ("PAMF"); ECF No. 77, McDonald's Resp. Mat. Facts ¶ 21 ("MRMF").

Mitchael is employed by Rawden and works at the Restaurant. PAMF ¶ 20; MRMF ¶ 20. Mitchael alleges that he was subjected to harassment by his coworkers, which included "being directed or urged" to "kiss and hug other coworkers which were videotaped and posted on social media" and that "coworkers took his cellphone without consent using it to take photos and post those photos on social media." MSUF ¶¶ 6–7; PRUF ¶¶ 6–7. Mitchael also alleges that he was slapped while on break at the Restaurant. MSUF ¶ 8; PRUF ¶ 8. On October 21, 2021, Mitchael initiated this action by filing a complaint against Rawden and McDonald's. MSUF ¶ 1; PRUF ¶ 1.

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if proof of its existence or nonexistence might affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 257.

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The court must consider the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**IV.     ANALYSIS**

Mitchael claims that Rawden discriminated against him based on his disability and subjected him to a hostile work environment. According to Mitchael, McDonald's is equally liable for his claims because it is a joint employer with Rawden. McDonald's contends, however, that it cannot be held liable for any of Mitchael's claims because it is not a joint employer with Rawden. In its Motion for Summary Judgment, McDonald's argues that Mitchael has failed to establish any facts through discovery that would support a finding that it is a joint employer with Rawden. As a result,

McDonald's argues that it is entitled to summary judgment in its favor.[1] The Court agrees with McDonald's.

### a. Joint Employer Liability

"Two distinct entities may be liable for the same Title VII violation if the entities are joint employers." *Doe v. McDonald's USA, LLC*, 504 F. Supp. 3d 360, 365 (E.D. Pa. 2020) (*citing Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997)). To determine whether a joint employer relationship exists, courts generally consider three main factors: "(1) the entity's authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (2) its day-to-day supervision of employees, including employee discipline; and (3) its control of employee records, including payroll, insurance, taxes and the like." *Plaso v. IJKG, LLC*, 553 F. App'x 199, 204–05 (3d Cir. 2014) (cleaned up). "Under this test, no single factor is dispositive, and a weak showing on one factor may be overcome by a strong showing on the other two." *Hollinghead v. City of York, Pa.*, 11 F. Supp. 3d 450, 463 (M.D. Pa. 2014), *aff'd sub nom.*, 592 F. App'x 110 (3d Cir. 2015). The crux of the test is whether the "two entities exercise significant control over the same employees." *Graves*, 117 F.3d 723, 727 (3d Cir. 1997).

With discovery complete, McDonald's argues that there are no facts to support a finding that it is a joint employer of Mitchael. Mitchael argues that this is an issue for trial for three reasons.

First, Mitchael points out that he "believed and testified" in his deposition that "he was employed by 'Rawden McDonald's' not just Rawden." ECF No. 65, Resp. 17. According to

---

[1] McDonald's also makes several arguments for dismissing the Complaint for improper pleading. Those arguments, however, are untimely at this stage of litigation. Nevertheless, the Court does not discuss them in detail because it grants the Motion for Summary Judgment for the other reasons given in this Opinion.
  Nor does the Court address Mitchael's request to defer ruling on the Motion for Summary Judgment until McDonald's produces certain discovery materials because that issue has since become moot. *See* ECF No. 80-4.

Mitchael, his belief that McDonald's was his joint employer creates a genuine dispute of material fact. However, the Court is not convinced that Mitchael's citations to the record truly support his proposition. For example, one of his citations is to the following excerpt from his deposition,

> Q. . . . you heard about the position at Rawden McDonald's through your enrollment at IU 13. Is that right?
>
> A. Yes, sir.

ECF No. 65., Ex. A. 82:1–4 (Mitchael Depo.).

It is a stretch to assume that the above deposition testimony implies that Mitchael believed he was an employee for McDonald's. The Restaurant is a McDonald's restaurant owned by Rawden. Thus, it is not unusual to refer to it as the "Rawden McDonald's" to distinguish it from the many other McDonald's restaurants around the world. The other citations to Mitchael's Deposition are similar. Mitchael simply answers several questions wherein the Restaurant is referred to as the "Rawden McDonald's." *See* Mitchael Depo. 82:5–9; 83:10–14, 20–25. At no point does Mitchael specifically state that he believed he worked for Rawden and the corporate entity of McDonald's.

Even if the Court assumed that Mitchael did believe that McDonald's was his joint employer, such a fact would carry very little weight in the Court's analysis because joint employer status "does not turn on the perceptions of the employee." *Braden v. Cnty. of Washington*, No. 08-574, 2010 WL 1664895, at *7 (W.D. Pa. Apr. 23, 2010). More important than Mitchael's perception is the perception of Rawden and McDonald's. According to the franchise agreement, the two entities did not intend to be joint employers. *See* ECF No. 74, Fran. Agr. ¶ 16 ("Further, Franchisee and McDonald's are not and do not intend to be partners, associates, or joint employers in any way and McDonald's shall not be construed to be jointly liable for any acts or omission of Franchisee under any circumstances."). Of course, a provision in the Franchise Agreement disclaiming a joint employer relationship is not dispositive, but it weighs against Mitchael. Thus, his supposed

subjective belief that McDonald's was his joint employer does not, on its own, create an issue for trial.

Second, Mitchael relies heavily on the terms of the Franchise Agreement itself to create a genuine issue of material fact as to whether McDonald's is his joint employer. Specifically, he points to several provisions in the Franchise Agreement that gives McDonald's the power to do the following: i) inspect the Restaurant; ii) audit the Restaurant's accounts and tax returns; iii) dictate the hours of operation of the Restaurant; and iv) dictate employee uniforms. Resp. 17. Those provisions may show that McDonald's had the power to exercise some level of control over the Restaurant, but they do not show that McDonald's ever exercised that power. Even if McDonald's had exercised those powers, they allow McDonald's to control certain aspects of the Restaurant; but they do not give McDonald's significant control over Mitchael or the other Rawden employees. The only possible exception is McDonald's authority to dictate Rawden employees' uniforms. Even that authority, however, does not go towards any of the three major factors courts generally consider when determining whether a joint employer relationship exists. To put it simply, the Franchise Agreement shows that McDonald's could exercise the necessary amount of control over Rawden to ensure that the Restaurant maintained a certain level of quality in its food and service in order to protect the McDonald's brand.

That level of control, however, does not equate to a significant level of control over Rawden's employees. Indeed, many courts have held that the typical franchisor is not a joint employer to its franchisee's employees. *See, e.g., Salazar v. McDonald's Corp.*, 944 F.3d 1024 (9th Cir. 2019). If that were not the case, then every franchisor would be liable per se for its franchisees' Title VII and ADA violations. The Franchise Agreement does not give McDonald's the authority to hire or fire Rawden's employees; nor does it give McDonald's the authority to supervise or

discipline Rawden's employees; nor does it give McDonald's the authority to control Rawden's employees' records. Thus, the Franchise Agreement, on its own, does not create an issue for trial.

Third, Mitchael argues that a genuine dispute of material fact exists whether McDonald's is a joint employer because there is evidence that McDonald's provides training to Rawden's employees. McDonald's does not dispute that Rawden's employees can view training videos through the "Fred" app, which is created and distributed by McDonald's. PAMF ¶ 32; MRMF ¶ 32. However, providing training videos to Mitchael does not go towards any of the three factors that courts consider when determining whether a joint employer relationship exists. Moreover, the evidence that McDonald's provided any training, let alone significant training, to Mitchael is almost non-existent. For example, Clifford Sovine, the Director of Operations for Rawden, testified that McDonald's does not track whether Rawden employees watch the training videos it produces. *See* ECF No. 65, Ex. O, 128:10–22 (Sovine Depo.). He also testified that Rawden, not McDonald's, is "responsible for all of their training." *Id*. 130:4–8. Thus, even when viewed in Mitchael's favor, the fact that McDonald's offers some training videos to Rawden employees, which they may or may not view, does not, on its own, create an issue for trial.

Even when considering all three of Mitchael's arguments together, they do not create an issue for trial because none of them go towards the three major factors of the joint employer test—(1) authority to hire and fire employees, promulgate work rules and assignments, and set conditions of employment; (2) day-to-day supervision of employees, including employee discipline; and (3) control of employee records. The lack of evidence to tie McDonald's to any of the three major factors is enough to grant summary judgment in McDonald's favor because it may only be liable for Mitchael's claims under a theory of joint employer liability. The lack of evidence, however, is not the only thing that supports granting McDonald's Motion for Summary Judgment. Indeed, in

reviewing the record with the three factors in mind, the evidence that does exist heavily supports a determination that McDonald's is not a joint employer as matter of law.

For example, Mitchael himself testified that his Rawden manager gives him his duties each day. *See* Mitchael Depo. 87:16–18. He also testified that "Brad," a Rawden employee, sets his schedule. *See id*. 90:15–25. Mr. Tugulia, Rawden's area supervisor, testified that Rawden would not need to seek permission from McDonald's before it terminated an employee. ECF No. 65, Ex. G 115:1–14. Mr. Sovine testified that crew members like Mitchael are hired by Rawden, not McDonald's. Sovine Depo. 118:2–4, 10–12. He also testified that Rawden gives employees their work assignments and has the power to terminate its employees. *See id.* 124:2–23. He also testified that Rawden makes its own work rules and pays its employees. *See id.* 130:19–22, 134:14–19. Chad Waltz, a Rawden employee, testified that Rawden hired him, pays him, and sets his schedule. *See* ECF No. 65, Ex. R. pp. 70–73. This evidence all weighs in favor of determining that McDonald's is not a joint employer because it shows that McDonald's did not have the authority to hire or fire Mitchael, did not supervise him on a day-to-day basis, did not set the conditions of his employment, and did not control his employee records.

In his Response, Mitchael cites to several opinions to support his argument that the record presents a genuine issue as to whether McDonald's is his joint employer: *Johnson v. McDonald Corp.*, 542 F. Supp. 3d 888 (E.D. Mo. 2021); *A.H. v. Wendy's Co.*, No. 3:18-CV-0485, 2018 WL 4002856 (M.D. Pa. Aug. 22, 2018); *Harris v. Midas*, No. CV 17-95, 2017 WL 5177668 (W.D. Pa. Nov. 8, 2017); and *Myers v. Garfield & Johnson Enterprises, Inc.*, 679 F. Supp. 2d 598 (E.D. Pa. 2010). But those opinions do not save Mitchael's claims against McDonald's because they all adjudicate motions to dismiss, not motions for summary judgment. The courts in those opinions let the cases proceed past the pleading stage because the plaintiffs alleged facts in their complaints "sufficient to raise the reasonable expectation that discovery will reveal evidence of a joint

employer or agency relationship." *Johnson*, 542 F. Supp. 3d, at 891; *see also A.H.*, No. 3:18-CV-0485, 2018 WL 4002856, at *6 (same); *Harris*, No. CV 17-95, 2017 WL 5177668, at *3 (same); *Myers*, 679 F. Supp. 2d, at 605 (same). Had McDonald's filed a motion to dismiss the Complaint in this case, then the Court may have held something similar to the courts in the opinions above. Indeed, Mitchael may have alleged facts in the Complaint sufficient to raise the reasonable expectation that discovery could reveal evidence of a joint employer relationship.

However, discovery is now over, and the bar is higher at this stage of litigation. It is not enough for Mitchael to simply allege that a joint employer relationship exists. He must produce at least some evidence that McDonald's was a joint employer of him. The record, however, is devoid of any evidence that might support such a finding by a jury. The supposed evidence that Mitchael does point to is less than a mere scintilla, which is not enough to survive a motion for summary judgment. *See Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (holding that it requires "more than a scintilla" of evidence to create an issue for trial).

In sum, there is not a genuine dispute as to whether McDonald's is a joint employer of Mitchael because there are no facts that suggest McDonald's had authority to hire or fire Mitchael, promulgate work rules and assignments, or set conditions of employment for Mitchael. Nor is there any evidence that McDonald's supervised him on a day-to-day basis or had the authority to discipline him. Finally, there is no evidence to suggest that McDonald's controlled Mitchael's employee records. Simply put, there is no evidence that McDonald's exercised significant control over Mitchael. Indeed, the record suggests the opposite.

## V.  CONCLUSION

Mitchael has failed to provide any facts that would support a finding that McDonald's was his joint employer. For that reason, and those given above, the Court grants McDonald's Motion for Summary Judgment.

A separate Order follows.

                                                  BY THE COURT:

                                                  */s/ Joseph F. Leeson, Jr.*_____
                                                  JOSEPH F. LEESON, JR.
                                                  United States District Judge